IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


EDWARD VANCIL,

    Plaintiff,

v.                                                            CASE NO. 5:06-cv-00061-RS-AK

JO ANNE B BARNHART,

    Defendant.
_____/


**REPORT AND RECOMMENDATION**

Plaintiff brings this cause pursuant to 42 U.S.C. § 405(g) seeking judicial review of the administrative denial of his application for disability insurance benefits under Title II of the Social Security Act and supplemental security income benefits under Title XVI of the Social Security Act. (Doc. 1). Defendant has moved to remand this matter (doc. 12) to the Commissioner under sentence four of 42 U.S.C. § 405(g) which provides that:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

Defendant concedes that this action should be remanded to the Administrative Law Judge for additional action, and specifically requests that upon remand the Administrative Law Judge will:

> afford Plaintiff a supplemental hearing and the opportunity to submit additional evidence, if desired. After considering all evidence during the relevant period, not just the closed period of disability, the ALJ should determine the severity of Plaintiff's impairments and whether they meet or equal a listed impairment. The ALJ should re-evaluate the medical opinions and indicate his rationale for the weight he gives each opinion.

He should also reassess the credibility of Plaintiff's subjective complaints. If the ALJ finds that Plaintiff was disabled for part but not all of the relevant period, he should do so on the basis of two carefully considered and well-articulated residual functional capacity determinations.  If the ALJ does not find that Plaintiff could perform any of his past work, he will consider whether to obtain vocational evidence to meet the Commissioner's burden at step five.

Plaintiff has no objection to the motion to remand.

Accordingly, it is **RECOMMENDED** that Defendant's motion to remand (doc. 12) be **GRANTED**, and this cause **REMANDED** to the Commissioner for further proceedings by the Administrative Law Judge, as set forth above.  It is also recommended that final judgment be entered.

**IN CHAMBERS** at Gainesville, Florida, this 5th day of July, 2006.


       s/A Kornblum
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

*Case No: 5:06-cv-00061-RS-AK*